IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK A. DERYAN )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>　　　　Defendant. ) | No. 1:06-1339 (RWR) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff seeks declaratory relief concerning the Internal Revenue Service and its agents, a refund of all taxes paid in, and damages for alleged "wrongful collection."

QUESTIONS PRESENTED

Plaintiff, Patrick A. DeRyan, seeks a refund of federal taxes, damages for alleged "wrongful collection" of federal taxes from plaintiff and declaratory relief. Plaintiff has failed to allege that he filed a claim for refund or fully paid the taxes he seeks to have refunded, or claims for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for refund of federal taxes, for damages, and for declarative relief under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff filed this complaint on July 27, 2006. The complaint alleges that in connection with the collection of federal tax "beginning with 'tax year' 1999," agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code and implementing regulations thereunder.  (Compl. ¶ 1.)<u>1</u>/

2. <u>Relief sought in the complaint</u>.  The complaint seeks three types of relief. First, plaintiff seeks a "[d]etermination that the defendant's principals, officers, agents, and/or employees . . . disregarded provisions of Title 26 United States Code."  (Compl. p. 27.)  Second, plaintiff seeks damages under section 7433.  (Compl. ¶ A.)  Third, he seeks "replevin of any and all property taken" from him.<u>2</u>/  (Compl. ¶ B.)

---

<u>1</u>/  Plaintiff's case is one of approximately 100 known cases filed in this Court with similar complaints.

<u>2</u>/  Plaintiff's replevin action is in reality an action seeking a refund of federal taxes.  As discussed *infra*, this Court lacks subject matter jurisdiction over plaintiff's refund claim.

Alternatively, if the Court treats plaintiffs' replevin action as a tort action, the Court still lacks subject matter jurisdiction.  *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991).  The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment.  *See FDIC v. Meyer*, 510 U.S. 471 (1994).  But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax.  *See* 28 U.S.C. § 2680.  A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency.  *See McNeil v. United States,* 508 U.S. 106 (1993);

ARGUMENT

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF

*Plaintiff's Request for a Finding That the Internal Revenue Service Violated Provisions of the Internal Revenue Code and Implementing Regulations Thereunder Is Barred by the Tax Exception to the Declaratory Judgment Act.*

Plaintiff seeks a finding that the Internal Revenue Service violated various provisions of the Internal Revenue Code and implementing regulations thereunder. (Compl. at 27.) This Court is barred from granting such relief under 28 U.S.C. § 2201. Section 2201 provides that:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Id. (emphasis added). By the plain language of the statute, a court lacks jurisdiction to declare the rights of any parties with respect to federal taxes. *See Investment Annuity, Inc. v. Blumenthal*, 609 F.2d 1, 4 (D.D.C. 1979) Plaintiff here is requesting the Court to determine that the Internal Revenue Service violated various provisions in the Code and implementing regulations thereunder. Such relief is specifically prohibited by 28

---

*Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68. Plaintiff does not allege that he filed an administrative claim, thus the Court lacks subject matter jurisdiction over his replevin action.

U.S.C. § 2201.  Thus, this Court lacks jurisdiction to grant plaintiff the declaratory relief he seeks.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

A.  *This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Refund Claims*

Plaintiff seeks "replevin of any and all property taken from [him]" (Compl. ¶ B.) The United States construes this as a claim for refund of taxes.  This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes for which he seeks a refund.  Both are necessary to waive the United States' sovereign immunity.  *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiff has the burden to show that sovereign immunity has been waived.  *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Plaintiff does not allege or claim that he  filed a claim for

refund; accordingly, this Court lacks jurisdiction over his tax refund claims. *Dalm*, 494 U.S. at 601-02.

>   B.  *This Court Lacks Subject-matter Jurisdiction over Plaintiff's Damages Claim*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages. (Compl. ¶ A, p. 27.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiff asserts, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986), that he falls within an "exception" to the requirement to exhaust administrative remedies. (Compl. ¶ 2, p. 2.) He asserts that the Internal Revenue Service has "articulated a very clear position . . . [it] is unwilling to reconsider." (*Ibid.*) Plaintiff fails

to assert that he attempted to comply with the regulation by submitting a valid administrative claim, thus the Internal Revenue Service has not articulated a clear position that it will not consider any administrative claim for damages.

Plaintiff also asserts that the exhaustion requirement is nonjurisdictional. (Compl. ¶ 5, p. 4.) The United States is aware that some of these nearly identical complaints have been dismissed for failure to state a claim, rather than for lack of subject-matter jurisdiction. *See, e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006). The United States, however, asserts that the exhaustion requirement is jurisdictional for two reasons: 1) *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006) is inapposite because it did not involve the sovereign, and 2) both the legislative history and the implementing regulations for section 7433 evince an intention that the exhaustion requirement is jurisdictional.

*Arbaugh*, the decision relied upon in *Turner*, was a case in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit."  Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign.  *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.  In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States.  Accordingly, the United States asserts that the failure to state a claim is jurisdictional.

  The United States' position is supported by the legislative history of section 7433(d) and its implementing regulations.  Both the House Ways and Means Committee Report and the Senate Finance Committee Report for the Taxpayer's Bill of Rights

(TBOR) III[3]/ provide that "no person is entitled to seek civil damages . . . in a court of law unless he first exhausts his administrative remedies," H.R. Rep. 105-356, 105th Cong., 1st Sess. (Oct. 29, 1997); S.R. Rep. 105-174, 105th Cong. 2d Sess. (April 22, 1998). Plainly, Congress intended to make exhaustion a jurisdictional requirement.

      The regulations implementing section 7433 provides that no action can be maintained in federal court until after an administrative claim has been denied or 6 months after an administrative claim has been filed. Thus, the implementing regulations makes exhaustion of administrative remedies a prerequisite for filing an action, and thus jurisdictional. It is well settled that a court should ordinarily defer to the regulation if it "implement[s] the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307 (1967); *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979). A regulation carries out the congressional mandate if it "harmonizes with the plain language of the statute, its origin, and its purpose." *National Muffler*, 440 U.S. at 477. And, "the choice among reasonable interpretations is for the commissioner, not the courts." *Id*. This Circuit has recognized that the Commissioner's interpretation of a statute is valid and entitled to deference if it evidences a reasonable interpretation necessary to implement a congressional mandate. *See*, *Boulez v. Comm'r*, 810 F.2d 209 (D.C. Cir. 1987). Since both the legislative history and the implementing regulations for section 7433 evince a determination that failure to

---

    [3]/ Title III of the Internal Revenue Service Restructuring and Reform Act of 1998 (Pub. L. 105-206, July 22, 1998).

exhaust administrative remedies is jurisdictional, this Court should defer to this interpretation, and dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Nevertheless, even if the Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiff's complaint for failure to state a claim for which relief can be given, as set forth in *Turner*.

## CONCLUSION

Because this Court lacks jurisdiction over his complaint (or in the alternative, plaintiff has failed to state a claim for which relief can be given), the complaint should be dismissed.

DATED: September 22, 2006.          Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS COMPLAINT was filed in accordance with the Court's ECF system, and served on September 22, 2006, by sending a copy by first-class mail, postage prepaid, addressed as follows:

>Patrick A. DeRyan
>Plaintiff *Pro Se*
>P.O. Box 2215
>Coeur D'Alene, ID 83816-2215

>/s/ Pat S. Genis
>PAT S. GENIS, #446244