RECEIVED
NOV 0 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Patrick A. DeRyan, | |
| Plaintiff, | No. 1:06cv01339 (RWR) |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## OPPOSITION TO MOTION TO DISMISS

Plaintiff, Patrick A. DeRyan, hereby responds:

Defendant, through Counsel, has moved to dismiss the above captioned action for lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Defendant's motion fails on both grounds, as follows:

### JURISDICTION IS PROPER

The Court's jurisdiction over the instant matter is established. In a recent Memorandum Opinion, *Martin v. United States*, DDC 05-2506, September 22, 2006, the Honorable Rosemary M. Collyer discussed at length "the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit." *Martin*, p. ___. Relying upon *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006); and *Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C. 2006), the Court (Collyer) made clear that "failure to exhaust administrative remedies is *not a jurisdictional prerequisite to bringing suit*". (emphasis added)

## PLAINTIFF PLAINLY STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Notwithstanding Counsel's intent to mislead this Court by using of the word "refund" eighteen (18) times in her memorandum in support of the subject motion to dismiss, the case at bar is a damages suit. Plaintiff is not seeking a refund of taxes. Counsel's memorandum is also intentionally misleading as to her false assertion that the Plaintiff complains of "wrongful collection". Counsel's misrepresentative term of art, e.g., "wrongful collection", is nowhere found in the Plaintiff's complaint. Likewise, the word "refund" is found nowhere in Plaintiff's complaint.

Plaintiff first seeks a determination as to whether officers or employees of defendant's agency disregarded provisions of the Internal Revenue Code or regulations promulgated thereunder <u>"in connection with"</u> collection activity in the absence of a valid, properly executed Certificate of Assessment; "exaction...in the guise of a tax." See: Enochs V. Williams Packing Co., 370 U.S. 1 (1962). If, upon evidence, the Court finds that such unauthorized actions were committed, damages — authorized by Congress — may then be determined; tort damages are in no sense a "refund".

Counsel's eighteen references to a non-existent "refund" suit demonstrate defendant's inability and, or unwillingness to address the issues presented in the damages suit at bar. Counsel argues, without citation, via footnote (Def.'s Mem. Fnt. 2), that the case at bar is a refund claim. Counsel is incorrect.

**NOTICE PLEADING SUFFICIENT**

Fed. R. Civ. P. 8(a) governs the requirements for setting forth an adequate claim for relief. It provides: (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

The United States Supreme Court, in Conley v Gibson 355 U.S. 41 (1957) had this to say regarding the sufficiency of "notice pleading":

"The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" 8 that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Plaintiff asserts that the defendant has been given fair notice as to the Plaintiff's claims and the grounds upon which said claims rest. The Supreme Court, again citing Conley:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 -46 (1957) (footnote omitted). [416 U.S. 232, 237]

Moreover, the D.C. Circuit has found that, "The accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the <u>defendant can show</u> "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Warren v. District of Columbia, 353 F.3d 36, 37 (D.C. Cir. 2004) (citations omitted). Counsel has certainly not proven, and cannot prove, prior to discovery, that the Plaintiff could not prevail on any set of facts alleged in the instant matter. Assuming, *arguendo*, Defendant's basis for the motion is otherwise valid, the Court (Huvelle; Bates) has acknowledged at least two (2) sets of facts on which Plaintiff could still prevail: 1) unwillingness to reconsider a position; and 2) agency bias.

Defendant's attempt to move this Court to dismiss based upon the affirmative defense of failure to state a claim is premature at this juncture. Indeed, no evidence has yet been made available through discovery from which Counsel might draw such conclusions.

// //

// //

// //

// //

// //

// //

// //

// //

In summary, the defendant's motion to dismiss fails on both of the grounds upon which it relied, (1) the D.C. Circuit has held that exhaustion of administrative remedies is not a jurisdictional prerequisite to bringing suit, and (2) Plaintiff has stated grounds in his complaint to put defendants on notice as to the nature of his claim sufficient to withstand Defendants' affirmative defense.

WHEREFORE, Plaintiff requests that this Court deny the defendant's motion to dismiss in its entirety.

Respectfully entered this 1st day of November, 2006.

_____
Patrick A. DeRyan

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on November 1st, 2006 by USPS to the following person, addressed as follows:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

_____
Patrick A. DeRyan