RECEIVED
NOV 20 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Patrick A. DeRyan,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

_____/

No. 1:06-1339 (RWR)

RESPONSE TO REPLY TO
 OPPOSITION TO MOTION
TO DISMISS

## PLAINTIFF'S RESPONSE

Plaintiff, Patrick A. DeRyan, hereby responds to Counsel's reply to opposition to motion to dismiss:

In Counsel's reply brief, (Docket No. 7.), Counsel continues to assert that failure to exhaust administrative remedies under 26 U.S.C. § 7433 deprives this Court of subject-matter jurisdiction. Counsel poses the aforesaid failed argument in the teeth of the Court's decision, in *Martin v. US,* (D.D.C. 1:05-cv-02506), that exhaustion of administrative remedies is not a prerequisite to filing a damages claim under §7433. Counsel's argument (Def.'s Brief pg 1, ¶ 2) over the, now settled, issue of subject matter jurisdiction are ungrounded and unpersuasive.

Next, Counsel attempts to argue (Def.'s Brief pg 1, ¶ 3) that "... plaintiff's complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6)." Inasmuch as exhaustion of administrative remedies is not a prerequisite to filing a damages claim under §7433, "exhaustion" is also not an element of such a claim. Therefore, failure to allege that an administrative claim has been filed does not rise to the level of failure to state a claim.

## **OTHER ISSUES**

1. Counsel asserts Plaintiff does not specify the type of tax at issue.

Plaintiff asserts that the type of tax at issue is irrelevant. Disregards of the IRC are actionable under §7433 without restriction to any particular type of tax.

Indeed, the underlying premise upon which Counsel's presumption that the particular type of tax at issue could possibly be relevant would necessarily lead to categories of tax identified as those in which disregards of the IRC are allowed versus those in which disregards of the IRC is not allowed. This, of course, is absurd, and Counsel's attempt to create a material issue where none exists, thus fails.

2. Counsel falsely asserts that Plaintiff does not specify the "tax years" at issue. However, Plaintiff's complaint addresses the issue by indicating which years the Plaintiff is complaining of no less than thirty (30) times. Counsel's intentional mischaracterization of the Plaintiff's complaint, when weighed against the thirty (30) instances in which the years in question have been addressed, must be construed as intentionally misleading.

3. Counsel next attempts to assert that the instant damages claim is deficient due to Plaintiff's failure to specify "the amount in dispute". The instant action is not a refund claim. Being a damages claim, no "amount in dispute" is asserted. However, an amount may, at a later juncture, be determined by the Court as an award for damages.

4. Finally, Counsel falsely and blatantly asserts that the Plaintiff does not specify the specific acts and/or omissions that would entitle him to relief under 26 U.S.C. § 7433. Plaintiff has alleged twenty-nine counts of specific acts and, or omissions which entitle him to relief under 26 U.S.C. § 7433.

## CONCLUSION

Counsel has failed to support any of her four (4) points of contention with evidence or fact. The points raised by Counsel (even if proven and, or supported by evidence, which Counsel has failed to do in this instance) are immaterial and irrelevant to the instant damages action, not required by the Rules, and do not substantially support defendant's motion to dismiss.

Plaintiff has stated grounds in his complaint to put defendants on notice as to the nature of his claim sufficient to withstand Defendant's motion to dismiss.

Further, to the extent that Counsel desires more specificity than Fed. R. Civ. P. 8 requires, Plaintiff will provide, through discovery, detailed and compelling evidence.

Date: November 17th, 2006                Respectfully submitted,

_____
Patrick A. DeRyan

## CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing was served upon Counsel for defendant on the 17th day of November, 2006, by USPS, addressed as follows:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

Date: November 17th, 2006                _____
Patrick A. DeRyan