**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                  )
PATRICK A. DERYAN,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    Civil Action No. 06-1339 (RWR)
                                  )
UNITED STATES OF AMERICA,         )
                                  )
          Defendant.              )
_____ )

## MEMORANDUM OPINION

Pro se plaintiff Patrick DeRyan sued the United States for damages under 26 U.S.C. § 7433, alleging violations of the Internal Revenue Code by agents of the Internal Revenue Service ("IRS") in the assessment and collection of taxes from him. His complaint does not reflect that he first filed a claim with the IRS concerning the alleged violations. As a result, the government has filed a motion to dismiss under Federal Rule Civil Procedure 12(b). Because DeRyan did not exhaust his mandatory administrative remedies, the government's motion to dismiss will be granted.[1]

---

[1] Because the complaint will be dismissed for failure to exhaust administrative remedies, it is unnecessary to address the government's argument that DeRyan's request for declaratory relief is barred by 28 U.S.C. § 2201, the tax exception to the Declaratory Judgment Act.

-2-

DISCUSSION

In considering a motion to dismiss for failure to state a claim upon which relief may be granted,[2] a court must accept all the allegations in a plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C. Cir. 1997). "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiff's favor, the court finds that the plaintiff has failed to allege all the material elements of his cause of action." Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001) (internal citations omitted). Stated differently, a dismissal for failure to state a claim upon which relief may be granted is proper "only if it is clear that no relief could be granted under any set of facts that could be

---

[2] Although the government characterized its motion relating to exhaustion of remedies as one for lack of subject matter jurisdiction under Rule 12(b)(1), failure to exhaust administrative remedies is more properly analyzed as a failure to state a claim under Rule 12(b)(6). Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1245 (2006) ("[W]hen Congress does not rank a statutory limitation on [the statute's] coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character."); Turner v. United States, Civil Action No. 05-1716 (JDB), 2006 WL 1071852, *3-4 (D.D.C. Apr. 24, 2006) (applying Arbaugh to analyze a failure to exhaust administrative remedies as an element of a claim). Here, the government's motion to dismiss for lack of subject matter jurisdiction will be construed and analyzed as a motion to dismiss for failure to state a claim upon which relief may be granted.

-3-

proved consistent with the allegations." <u>Hishon v. King &</u>
<u>Spalding</u>, 467 U.S. 69, 73 (1984).

Section 7433 of the Internal Revenue Code authorizes a
taxpayer to bring a civil action for damages against any officer
or employee of the IRS who "recklessly or intentionally, or by
reason of negligence disregards any provision" of the Code or its
implementing regulations, but also provides that "[a] judgment
for damages shall not be awarded . . . unless the court
determines that the plaintiff has exhausted the administrative
remedies available to such plaintiff within the Internal Revenue
Service." 26 U.S.C. § 7433(a) & (d)(1). Prior to filing a civil
action for damages, an aggrieved taxpayer must submit his claim
"in writing to the Area Director, Attn: Compliance Technical
Support Manager[,] of the area in which the taxpayer currently
resides," and must include:

> (i) The name, current address, current home and work
> telephone numbers and any convenient times to be
> contacted, and taxpayer identification number of the
> taxpayer making the claim;

> (ii) The grounds, in reasonable detail, for the claim
> (include copies of any available substantiating
> documentation or correspondence with the Internal
> Revenue Service);

> (iii) A description of the injuries incurred by the
> taxpayer filing the claim (include copies of any
> available substantiating documentation or evidence);

> (iv) The dollar amount of the claim, including any
> damages that have not yet been incurred but which are
> reasonably foreseeable (include copies of any available
> substantiating documentation or evidence); and

-4-

      (v) The signature of the taxpayer or duly authorized
representative.

26 C.F.R. § 301.7433-1(e).  Only if such a claim is filed may the
taxpayer proceed to file suit in federal district court pursuant
to 26 U.S.C. § 7433(a).  See 26 C.F.R. § 301.7433-1(d)(1)&(2).[3]

      DeRyan does not claim that he followed the procedures set
forth in § 301.7433-1(e).  Rather, he contends that his notice
pleading was sufficient to withstand the government's motion to
dismiss.  (See Pl.'s Opp'n at 3.)  Federal Rule of Civil
Procedure 8 requires "a short and plain statement of the claim
showing that the pleader is entitled to relief."  Fed. R. Civ. P.
8(a)(2).  DeRyan could be entitled to relief under 26 U.S.C.
§ 7433(a) only if he pleads or demonstrates that he has satisfied
§ 7433's exhaustion requirement.  He has done neither.

      DeRyan further contends that "failure to allege that an
administrative claim has been filed does not rise to the level of
failure to state a claim."  (Pl.'s Response to Def.'s Reply at
1.)  He claims that the exhaustion requirement does not apply
where an adverse decision is certain, and in particular, where
the agency has articulated a clear position on an issue and has
demonstrated an unwillingness to reconsider.  (See Compl. at ¶ 6

---

     [3] For a period between 1996 and 1998, failure to exhaust
the administrative remedies did not act as a bar to a civil
action, but since 1998 it has acted as a bar.  See Evans v.
United States, Civil Action No. 06-32 (JDB), 2006 WL 1174481, at
*2 (D.D.C. May 4, 2006).  DeRyan filed this suit in 2006.

-5-

(citing Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986).)  However, neither the statute nor the implementing regulation provides an adverse decision exception to the requirement to exhaust administrative remedies. Where, as here, exhaustion is a statutory mandate, a court may not carve out an exception unsupported by the statutory text. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (stating that "[w]here Congress specifically mandates, exhaustion is required"); Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (stating that "[i]f [a] statute does mandate exhaustion, a court cannot excuse it") (citing Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000)). Moreover, even under circumstances in which the exhaustion requirement is not explicitly mandated by statute, an implied "exhaustion requirement may be waived in 'only the most exceptional circumstances.'  . . .  Even the probability of administrative denial of the relief requested does not excuse failure to pursue [the administrative remedies]." Randolph-Sheppard Vendors of Am., 795 F.2d at 106 (citations omitted). Accordingly, DeRyan's argument that he was not required to exhaust the administrative remedies prescribed by the regulation must fail.

-6-

<u>CONCLUSION</u>

Because DeRyan did not exhaust his administrative remedies and therefore cannot state a claim upon which relief can be granted, the government's motion to dismiss will be granted.  A separate order accompanies this Memorandum Opinion.

SIGNED this 14th day of March, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge